IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 0768 |
| | ) |
| OFFICER T. CAREY #18795, OFFICER D. | ) Judge Gettleman |
| BORA #19830, OFFICER B. TOWN #3599, | ) |
| OFFICER E. MAY #16474, OFFICER S. | ) Magistrate Judge Denlow |
| PICKETT #12737, and the CITY OF | ) |
| CHICAGO, | ) |
| Defendants. | ) |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), by and through its attorney, Mara S. Georges, Corporation Counsel of the City, answers plaintiff's complaint as follows:

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER: The City admits that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983. The City further admits that jurisdiction is proper in this Court pursuant to 42 U.S.C. § 1983; 28 U.S.C. §1331 and §1343(a). The City denies the allegations to the extent they allege that the United States Constitution provides plaintiff with a direct cause of action.

**PARTIES**

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

ANSWER: The City admits that the Defendant Chicago Police Officers were at all times relevant to the Complaint employed by the City of Chicago. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

ANSWER: The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois. The City further admits that the City is an employer of Defendant Chicago Police officers. The City denies that it is the "principal" of Defendant Officers as well as the other officers and/or employees referred to in the complaint as the term used above is undefined. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## FACTS

5. On or about March 7, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER: Upon information and belief and based upon Chicago Police Department ("CPD") documents, the City admits that on March 6, 2007, plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon by defendant officers and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A. The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6. On or about March 7, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

ANSWER: Upon information and belief and based upon Chicago Police Department ("CPD") documents, the City admits that on March 6, 2007, plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon by defendant officers and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9. On March 7, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

ANSWER:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.	As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

ANSWER:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.	On or about March 7, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

ANSWER:	The City admits that the Defendant Chicago Police Officers were at all times relevant to the Complaint employed by the City of Chicago as duly appointed police officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12.	Upon information and belief, OFFICER T. CAREY #18795, on March 7, 2007, came into physical contact with PLAINTIFF.

ANSWER:	Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, Defendant Officer T. Carey, Star # 18795, was one of the arresting officers when plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13.     Upon information and belief, OFFICER D. BORA #19830, on March 7, 2007, came into physical contact with PLAINTIFF.

ANSWER:     Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, Defendant Officer D. Bora, Star # 19830, was one of the arresting officers when plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14.     Upon information and belief, OFFICER B. TOWN #3599, on March 7, 2007, came into physical contact with PLAINTIFF.

ANSWER:     Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, Defendant Officer B. Town, Star # 3599, was one of the assisting arresting officers when plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15.     Upon information and belief, OFFICER E. MAY #16474, on March 7, 2007, came into physical contact with PLAINTIFF.

ANSWER:     Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, Defendant Officer E. May, Star # 16474, was one of the assisting arresting officers when plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A.  The

City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. Upon information and belief, OFFICER S. PICKETT #12737, on March 7, 2007, came into physical contact with PLAINTIFF.

ANSWER: Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, Defendant Officer S. Pickett, Star # 12737, was one of the assisting arresting officers when plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## CONSPIRACY

17. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:
    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;
    b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;
    c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;
    d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;
    e. generating false documentation to cover-up for their own and each other's misconduct.

ANSWER: Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, plaintiff was arrested and transported to the 11th District and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 7, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER: Upon information and belief and based upon CPD documents, the City states, on March 6, 2007, plaintiff was arrested for possession of a controlled substance and unlawful use of a weapon and charged with violating 720 ILCS 570.0/402-C and 720 ILCS 5.0/24-1.1-A. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## EQUAL PROTECTION - CLASS OF ONE

19. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis. PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Chicago Police Officers.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
## § 1983 False Arrest

20. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:    The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

21.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT II
### False Arrest -State Claim

23.    PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:    The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

24.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### COUNT III
### Malicious Prosecution - State Claim

26.    PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:    The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

27.    The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28.    The DEFENDANT OFFICERS engaged in this effort without probable cause.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.    The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.    The underlying criminal charges were resolved in a manner indicative of innocence.

ANSWER:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.	The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER:**	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IV
## § 1983 Conspiracy Claim

32.	PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:	The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

33.	The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

ANSWER:	The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT V
## Conspiracy Claim - State Law

34.	PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:	The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

35.     The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT VI
## § 1983 Unlawful Search of Residence

36.     PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:    The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

37.     The DEFENDANT OFFICERS invaded the home occupied by PLAINTIFF without a search warrant, probable cause, exigent circumstances and/or any other lawful basis, and therefore violated the Fourth Amendment to the United States Constitution.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     The DEFENDANT OFFICERS unlawfully conducted a search therein.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     The aforementioned actions were the direct and proximate cause of the violations as set forth above.

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT VII
### § 1983 Equal Protection – Class of One

40. PLAINTIFF re-alleges paragraphs 1 - 19 as though fully set forth herein.

ANSWER: The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

41. The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

43. PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER: The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

44. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

ANSWER:   The City admits that the City is an employer of the Defendant Chicago Police Officers.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

45.   The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

ANSWER:   The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IX
### Supplementary Claim for *Respondent Superior*

46.   PLAINTIFF re-alleges paragraphs 1 – 19 as though fully set forth herein.

ANSWER:   The City restates and realleges its answers to paragraphs 1 through 19 as if stated here.

47.   The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

ANSWER:   The City admits that the Defendant Chicago Police Officers were at all times relevant to the Complaint employed by the City of Chicago.  The City denies the allegations in this paragraph to the extent that they are vague, incomplete and/or inaccurate statements of the City's liability.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## JURY DEMAND

48.   Plaintiff demands trial by jury.

<u>ANSWER</u>:   The City requests trial by jury.

**WHEREFORE,** defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.   The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.   Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3.   To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.   Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5.   Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

6.	As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

7.	To the extent plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

8.	To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

**DATED:** April 21, 2008.

                Respectfully submitted,

                MARA S. GEORGES
                Corporation Counsel of the City of Chicago

                */s/Robert C. Rutherford, Jr.*
                ROBERT C. RUTHERFORD, Jr.
                THOMAS J. AUMANN
                Assistants Corporation Counsel

Employment & Policy Litigation
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036/ 744-1566

**CERTIFICATE OF SERVICE**

    I certify that, on April 21, 2008, I caused a true and correct copy of **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** to be served on plaintiff's attorney by electronic filing.

    Blake Horwitz
    Horwitz, Richardson, and Baker, LLC
    20 South Clark Street, Suite 500,
    Chicago, IL 60603
    (312) 676- 2100

    *s/ Robert C. Rutherford, Jr.*
    ROBERT C. RUTHERFORD, Jr.
    Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036