


**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Employment and Policy Litigation
Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.cityofchicago.org

July 7, 2008

**VIA FACSIMILE AND MESSENGER DELIVERY**

Erica Faaborg
Horwitz, Richardson & Baker
Two First National Plaza
20 South Clark Street
Suite 500
Chicago, Illinois 60603
Fax: (312) 372-7076

**Re:**   Anderson v. Carey, et al.
         08 C 768

Dear Counsel:

I am writing in response to your June 18, 2008 letter regarding my unwillingness to engage in a 26(f) conference at this point in the litigation. Furthermore, I am writing to respond to the production request, interrogatories, request to admit, and notice of depositions that were served upon me on that same day, without a 26(f) conference having been conducted.

As I explained to you over the phone a couple of weeks ago, a Rule 26(f) discovery planning conference must be jointly arranged by "the attorneys of record and all unrepresented parties that have appeared in the case." No attorney has filed an appearance on behalf of the five defendant officers in this case. Furthermore, upon information and belief, none of the five defendant officers has been served with a summons in this case. To conduct a Rule 26(f) conference without any of the other five defendants in this case is prejudicial to those defendants, impractical, and violates the letter of Rule 26(f).

As Rule 26(d) states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), the City objects to the issuance of Plaintiff's Request for Production of Documents, Interrogatories to be Answered by the Defendant Municipality, and the Request to Admit, and will not respond to that discovery until a Rule 26(f) conference that includes counsel for the defendant officers has been held.

Furthermore, the City objects to having been served with the Interrogatories to be Answered by the Defendant Officers as undersigned counsel for the City is not representing the defendant officers in this case.

Additionally, the City cannot agree to produce Officers Carey, Bora, Town, May and Pickett for the dates listed on your Notice of Deposition, or for any dates at this time. Officers Carey, Bora, Town, May, and Pickett are all







**City of Chicago**
**Richard M. Daley, Mayor**

**Department of Law**

Mara S. Georges
Corporation Counsel

Employment and Policy Litigation
Suite 1020
30 North LaSalle Street
Chicago, Illinois 60602
(312) 744-5100
(312) 744-3989 (FAX)
(312) 744-5131 (TTY)

http://www.cityofchicago.org

unserved, unrepresented defendants in this case. Each officer is entitled to have counsel of their choosing at their depositions, and it will be the obligation of that attorney, not counsel for the City, to produce each officer for their depositions.

As for your notice of depositions for the 30(b)(6) witnesses, the City objects to producing a deponent to testify "as to the determination of probable cause to effectuate and [sic.] arrest." Whether or not there exists probable cause to effectuate an arrest is determined by the circumstances surrounding the arrest, the United States Constitution, and case law. This is not a proper subject for 30(b)(6) testimony.

Regarding the Rule 30(b)(6) depositions "to testify as to proper police procedure in connection with the use of force to be used upon an arrestee" and "to testify as to proper techniques in inventorying and handling evidence," the City agrees to produce witnesses to provide relevant testimony, but has not yet designated deponents. I will inform you once we have designated those individuals so that we may definitively schedule their depositions.

Please call me at (312) 744-1566 if you would like to discuss this matter further.

Very truly yours,

Thomas J. Aumann
Assistant Corporation Counsel


