IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COREY ANDERSON, | ) | |
| | ) | **No. 08 C 768** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| OFFICER T. CAREY #18795, OFFICER D. | ) | |
| BORA #19830, OFFICER B. TOWN #3559, | ) | Magistrate Judge Denlow |
| OFFICER E. MAY #16474, OFFICER S. | ) | |
| PICKETT #12737, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO PLAINTIFF'S MOTION TO
COMPEL DEFENDANT CITY OF CHICAGO**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, in response to Plaintiff's Motion to Compel Defendant City of Chicago, states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in Plaintiff's First Amended Complaint, on March 7, 2007, Plaintiff Corey Anderson was "unreasonabl[y] seiz[ed]" by the Defendant Officers. See Plaintiff's First Amended Complaint, ¶ 5. Plaintiff further alleges that the level of force used upon him and/or the failure to intervene on the part of the Defendant Officers caused an "unreasonable seizure" of Plaintiff. See Plaintiff's First Amended Complaint, ¶ 7. Additionally, Plaintiff alleges that he was arrested without probable cause. See Plaintiff's First Amended Complaint, ¶ 8.

This alleged incident led Plaintiff to sue the City and Defendant Officers under 42 U.S.C. § 1983, claiming that the Defendant Officers engaged in a false arrest, conspiracy, unlawful search of a residence, and a violation of the Equal Protection Clause, claiming Plaintiff to be a protected class

of one.  Plaintiff also includes state supplemental claims (for false arrest, malicious prosecution and conspiracy) for which he claims the Defendant Officers are liable.  Plaintiff further alleges that the City is liable for these supplemental state claims based on the theory of *respondeat superior*.

Plaintiff filed his original complaint on February 5, 2008, alleging the above actions against unknown officers.  Undersigned counsel was assigned to represent the City in this case and filed his appearance on behalf of the City on February 21, 2008.  On March 4, 2008, undersigned counsel spoke with Erica Faaborg, one of the attorneys representing Plaintiff in this case, and, as a courtesy, requested agreement from Plaintiff on a motion for extension of time to answer Plaintiff's complaint.  Ms. Faaborg told undersigned counsel that she would agree to the extension of time if undersigned counsel would have a 26(f) conference at that time.  Undersigned counsel did not agree to have a 26(f) conference at the time of the conversation because none of the Chicago Police officers listed as defendants in the case had been named and, therefore, did not have someone that could represent their interests in a 26(f) conference.  The City filed its motion for extension of time on March 5, 2008 but before a ruling was made regarding the motion, Plaintiff filed his First Amended Complaint on March 7, 2008.  The City then filed its answer to the First Amended Complaint on April 21, 2008.

On June 18, 2008, Plaintiff prematurely served discovery upon the City that included his Request to Admit, Interrogatories to be Answered by the Defendant Municipality, and Request for Production of Documents.  At the time that Plaintiff served discovery upon the City, upon information and belief, none of the individual defendant officers named in the First Amended Complaint had been served with the First Amended Complaint and no appearance had been filed on behalf of the officers.  Plaintiff also served the City with a notice of depositions for the Defendant Officers.  See Notice of Deposition, attached as Exhibit A.  The City made its objections regarding

the issuance of discovery prior to having a Rule 26(f) conference and the production of the Defendant Officers for depositions in a July 7, 2008 letter. See July 7, 2008 letter, attached as Exhibit B. On July 18, 2008, the City tendered its answer to Plaintiff's Request to Admit in the spirit of fostering cooperation as well as due to the fear of having all answers to the Request to Admit deemed admitted by not answering within thirty days of the June 18, 2008 issuance date. However, the City renewed its objection to the issuance of the Request to Admit without the parties having engaged in a 26(f) conference. See July 18, 2008 letter, attached as Exhibit C.

On August 15, 2008, undersigned counsel received a phone call from Blake Horwitz, one of Plaintiff's attorneys. Mr. Horwitz expressed his belief that the City's responses to Plaintiff's discovery were required at that time. Undersigned counsel again explained that Plaintiff's issuance of discovery was improper as a 26(f) conference had not yet taken place. Later that day, Plaintiff filed the present Motion to Compel. As of the filing of Plaintiff's Motion to Compel, no appearance has been filed on behalf of the five individual defendant officers.

## RELEVANT STANDARDS & ARGUMENT

Federal Rule of Civil Procedure 26(d) states that except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized under these rules or by court order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). See Fed. R. Civ. P. Rule 26(d). Furthermore, a Rule 26(f) planning conference is to be jointly arranged by "the attorneys of record and all unrepresented parties that have appeared in the case." Id.

As stated, a 26(f) conference has not yet taken place as the Defendant Officers have not yet appeared in the case. To conduct a Rule 26(f) conference without any of the other five defendants

in this case would be prejudicial to those defendants and to the City as the City's defenses will likely be the same as those of the individual defendants in this case. Additionally, conducting a Rule 26(f) conference without any of the other five defendants would be impractical and in violation of Rule 26(f). As such, Plaintiff's discovery requests were improperly propounded, and the City should not be required to respond to those propounded discovery requests. Furthermore, because Plaintiff's discovery requests were untimely, they should be stricken, and a protective order should be entered prohibiting Plaintiff from propounding any additional discovery until such time as a Rule 26(f) conference takes place.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant City of Chicago respectfully requests that this Court deny Plaintiff's Motion to Compel and strike Plaintiff's discovery requests issued to Defendant City of Chicago. Furthermore, Defendant City of Chicago respectfully requests a protective order be entered prohibiting Plaintiff from propounding any additional discovery until after such time that a 26(f) conference takes place, and for any other relief this Court deems just and proper.

        Respectfully submitted,

        MARA S. GEORGES,
        Corporation Counsel
        City of Chicago


By:   /s/ Thomas J. Aumann
      THOMAS J. AUMANN
      Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)

(312) 744-3989 (Fax)
Attorney No. 06282455

## CERTIFICATE OF SERVICE

      I, Thomas J. Aumann, an attorney, certify that I caused copies of this notice and the attached document to be served on Erica Faaborg of Horwitz, Richardson & Baker LLC, 20 South Clark Street, Suite 500, Chicago, Illinois 60603, by electronic mail, this 21st day of August, 2008.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

30 North LaSalle Street, Room 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455